212 N.J. Super. 709 (1986)
515 A.2d 1314
RITA F. GIBSON, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF STEPHEN C. GIBSON, PLAINTIFF,
v.
CHARLES P. FOAKES; RALLEN, INC., A NEW JERSEY CORPORATION, T/A BOBBY'S LOUNGE; ROBERT E. ALLEN; RITA BANKS; RICHARD ROE, INC. (FICTITIOUS); JOHN DOE (FICTITIOUS NAME); AND MR. AND/OR MRS. TAYLOR (FIRST NAME UNKNOWN), DEFENDANTS.
MICHELLE NEMITZ, GENERAL ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF RUTH M. BORRELL, DECEASED; CRAIG KOCIENSKI AND KATHY KOCIENSKI, PLAINTIFFS,
v.
CHARLES P. FOAKES; RALLEN, INC., A NEW JERSEY CORPORATION, T/A BOBBY'S LOUNGE; ROBERT E. ALLEN; RITA BANKS; RITA F. GIBSON, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF STEVEN C. GIBSON; THE ESTATE OF STEVEN C. GIBSON; WILLIAM H. TAYLOR, JR., A/K/A ROBERT TAYLOR AND MS. TAYLOR (FIRST NAME UNKNOWN); JAMES SMITH (A FICTITIOUS NAME); JOHN DOE (A FICTITIOUS NAME); AND RICHARD ROE, INC., A CORPORATION (A FICTITIOUS NAME), DEFENDANTS.
Superior Court of New Jersey, Law Division Burlington County.
Decided July 2, 1986.
*710 Brian V. Lucianna for plaintiff Gibson (Poplar & Florio, attorneys).
Nicholas J. Costa for plaintiffs Nemitz, Craig Kocienski and Kathy Kocienski (Barbour & Costa, attorneys).
George A. Prutting, Jr. for defendants Gibson and Estate of Steven C. Gibson (Fratto, Little, Alessi & Abbott, attorneys).
Daniel A. Bernardin for defendant Foakes (Michael G. Brennan, attorney).
Robert J. Sandkuhler for defendants Taylor (Moss, Powers & Lezenby, attorneys).
GOTTLIEB, J.S.C.
This motion for summary judgment requires the court to explore the boundaries of responsibility of a social host under Kelly v. Gwinnell, 96 N.J. 538 (1984). While there are facts at issue, those factual disputes are not material to a resolution of the motion, and the court, therefore, may act. R. 4:46-2. The undisputed facts which are of consequence to the motion are as follows.
*711 Charles P. Foakes was invited to attend a barbecue held on May 28, 1984, at the residence of William H. Taylor in Willingboro. At his own initiative, Foakes brought a bottle of brandy, a bottle of whiskey and a six-pack of beer with him to the barbecue. Upon his arrival at approximately 11:00 a.m., Foakes put the brandy and the whiskey bottles on a table in the kitchen and gave the beer to Taylor, who placed it in the refrigerator.
Because the weather was bad, the barbecue took place in Taylor's kitchen area. There were seven people in attendance. Taylor served food to his guests and provided them with glasses, ice and non-alcoholic beverages, including club soda. Foakes ate the food and drank over one-half of the bottle of brandy which he mixed with club soda.
Foakes left the Taylor residence sometime between 10:00 p.m. and midnight. As Foakes was leaving, Taylor retrieved the brandy bottle and tried to give it to Foakes to take with him. Foakes refused, insisting that Taylor retain the bottle so that it might be available the next time Foakes visited the Taylor residence. Foakes then got into his vehicle to drive home.
Enroute, Foakes was involved in a motor vehicle accident with an automobile containing driver Stephen C. Gibson and his three passengers. Gibson and one of the passengers were killed in the accident and the two other passengers were seriously injured.
The police investigation of the accident indicated that Foakes had crossed over a double yellow line and collided with Gibson's vehicle head-on. It also indicated that Foakes had a .203 blood alcohol reading.
The administratrices of the estates of the two decedents and the two injured passengers have sued Taylor, among others, claiming that Taylor negligently served alcoholic beverages to Foakes, thereby contributing to the cause of the accident. Taylor has moved for summary judgment, contending that under these facts he is not legally responsible for the accident. *712 A ruling on the application necessitates an examination of Kelly v. Gwinnell, supra.
In Kelly, the Supreme Court determined "that a host who serves liquor to an adult social guest, knowing both that the guest is intoxicated and will thereafter be operating a motor vehicle, is liable for injuries inflicted on a third party as a result of the negligent operation of a motor vehicle by the adult guest when such negligence is caused by the intoxication." Id., at 548. The decision clearly pointed out that "the duty of care that accompanies control of the liquor supply" was the basis for liability, ibid., and recognized that "the rule will make it more likely that hosts will take greater care in serving alcoholic beverages at social gatherings so as to avoid not only the moral responsibility but the economic liability that would occur if the guest were to injure someone as a result of his drunken driving." Id. at 552.
Kelly clearly articulates the need for the host to have control over the liquor supply and that the host be in a position to observe the condition of the guest. Conceptually, the rule in Kelly is concerned with a social host's active, as contrasted with passive, involvement in creating a peril. Although the Supreme Court introduces the issue in Kelly using a passive verb ("... whether a social host who enables an adult guest to become drunk is liable...." Id. at 540; emphasis supplied), the thrust of the opinion makes evident that only active conduct  conduct which affirmatively influences or causes change  comes within its rule. It does this by using verbs such as create ("... the provider has a duty to the public not to create foreseeable, unreasonable risks by this activity." Id. at 548), serves ("We therefore hold that a host who serves liquor to an adult social guest ...," ibid. and "... we decide only that where the social host directly serves the guest...." Id. at 556) and provides ("We hold only that where a host provides liquor directly to a social guest...." Id. at 559).
*713 The conduct of Taylor cannot be viewed reasonably as other than passive and quiescent when contrasted with that of Foakes. Taylor did not supply the alcoholic beverages; Foakes did. Taylor did not pour or furnish the drinks to Foakes; Foakes did that himself. Taylor did no more than supply glasses, non-alcoholic beverages and an area of his home for Foakes, along with other guests. Taylor was not a purveyor of alcoholic beverages; he did not initiate consumption of the liquor.
Nor did Taylor do anything affirmatively to encourage consumption of the alcoholic beverages at his home. Kelly imposes liability on a social host who entices a guest into intoxication, based on the host's duty to the public. Theoretically, that responsibility might exist even though the host did not supply the alcoholic beverages.
But the policy considerations which engendered the holding of Kelly do not warrant the imposition of a host's duty absent affirmative conduct. Although the injury to another by the guest's drunken driving is not dependent on the affirmative-quiescent dichotomy characterizing the host's conduct, that designation-of-conduct division is important in understanding the nature of the duty. In quoting Goldberg v. Housing Auth. of Newark, 38 N.J. 578, 583 (1962), the Kelly Court noted that the existence of a duty is dependent upon "fairness." Kelly, supra, 96 N.J. at 544. But to make a social host unqualifiedly responsible for the drunken driving of a guest would result in absolute liability. That is not fair, for it imposes a duty without regard to the nature of the activity engaged in or to the knowledge of the host of the dangerous condition. The activity itself  social interaction  is not one which departs from accepted areas of conduct nor it is socially unreasonable. Moreover, where the host is unaware of the condition of his guest, the host is unable to act in a way to eliminate its consequences. To impose unconditional liability would have a strong negative influence on social interaction, far beyond the intrusion countenanced by Kelly.
*714 For these reasons, I conclude that plaintiffs have failed to assert an actionable claim against Taylor. His motion for summary judgment is allowed.